IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01601-CNS-SKC

MILCA APONTE,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER

Before the Court is (1) Defendant's Rule 56 Motion for Summary Judgment and (2) Plaintiff's Motion for Summary Judgment. (ECF Nos. 45, 48). The Court GRANTS Defendant's motion and DENIES Plaintiff's motion for the following reasons.

### I. FACTS

Plaintiff alleges that she sustained bodily injuries on April 12, 2021, while driving on I-25 and an unidentified driver swerved into her lane. (ECF No. 10, p. 1). Plaintiff, via her counsel, "sent a packet describing the severity of her injuries, screenshots of the unidentified vehicle that crossed into her lane, and video of the crash depicting the severity of the crash" to Defendant on April 19, 2021, and requested to be paid uninsured motorist (UIM) benefits under her insurance policy. (*Id*.). It is uncontested that Plaintiff's counsel did not include any medical records or bills in this packet. (ECF Nos. 45, p. 4; 53, p. 4). On April 26, 2021, Defendant's adjuster requested

1

that Plaintiff provide it with the list of medical providers she had seen as a result of the accident and requested a medical records authorization. (ECF No. 45-8). It is uncontested that the parties continued to communicate regarding the status of the claim and Plaintiff's condition, but that Plaintiff did not provide any medical bills or medical records authorization during this time. The last communication before Plaintiff filed this civil action was on May 10, 2021, via phone. (ECF Nos. 45, p. 5; 53, p. 20).

Plaintiff filed a civil action in Colorado state Court on May 20, 2021, which was removed to the U.S. District Court of Colorado on June 14, 2021. (ECF Nos. 1, 1-2). Plaintiff raised three claims for relief: (1) breach of contract; (2) undue delay of benefits under Colorado Revised Statute § 10-3-1116; and (3) bad faith. (ECF No. 10, pp. 3-6). Defendant, in its counterclaim, alleged (1) breach of contract and (2) breach of covenant of good faith and fair dealing. (ECF No. 12, pp. 13-14). It is uncontested that Plaintiff did not begin to provide medical bills to Defendant until May 27, 2021. (ECF Nos. 45, p. 6; 53, p. 5; 45-11). On June 2, 2021, Defendant sent Plaintiff a check for $25,000 pertaining to UIM policy limits, but that was subject to a reservation of rights. (*Id.*).

Defendant argues in its motion for summary judgment that Plaintiff cannot recover on her claims because she failed to cooperate with its investigation and breached the policy. (ECF No. 45, p. 8). Plaintiff, in her cross-motion for summary judgment, argues inter alia that Defendant failed to reserve its rights under Colorado Revised Statute § 10-3-1118 and Defendant had sufficient information and documentation to conduct its investigation; thus, summary judgment should be granted in favor of Plaintiff on Defendant's counterclaim of breach of contract. (ECF

No. 48, pp. 15-16).  The Court heard oral argument on the motions for summary judgment on December 8, 2022, and took the motions under advisement.  (ECF No. 60).

## II.  LEGAL STANDARD

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party.  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986).  Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  "[Q]uestions of intent, which involve intangible factors including witness creditability, are matters for consideration of the fact finder after a full trial."  *Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir. 1980).

## III. ANALYSIS

The Court begins its analysis by noting that only thirty-eight days had passed between Plaintiff's accident and the filing of her civil action in Colorado state court.  Moreover, Defendant issued a check for the policy limits to Plaintiff on June 2, 2021—six days after receiving documentation of some of the medical expenses from Plaintiff's counsel.  The policy explicitly states that a person making a claim must give Defendant "authorization to obtain medical reports

and other records pertinent to the claim. The injured person may be required to take medical examinations by physicians we choose, as often as we reasonably require." (ECF No. 45-1, p. 18).

### A. Breach of Contract Claims

#### 1. Defendant's Breach of Contract Counterclaim

Defendant argues that Plaintiff breached the policy through her counsel, who failed to provide Defendant with authorization to obtain medical records or documentation of medical expenses before filing this civil action. The policy explicitly states that the person making the claim "must [g]ive [Defendant] authorization to obtain medical reports and other records pertinent to the claim." (ECF Nos. 45-1, p. 18; *see also* 45-12, p. 2). The policy also states:

> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under Uninsured Motorists Insurance, unless there is full compliance with all policy terms and, except as provided below, such action is commenced within two years after the date of the accident.

(ECF No. 45-1, p. 40).

For a breach of contract claim, a party must establish that (1) a contract exists; (2) the plaintiff performed (or had some justification for nonperformance); (3) the defendant failed to perform; and (4) the plaintiff incurred damages. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted). Performance is interpreted to mean substantial performance. *Id*.

A condition precedent is defined as "[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises." *Soicher*, 351 P.3d at 564 (citation omitted). Under Colorado law, "performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused." *Jensen v. Am. Fam. Mut. Ins. Co.*, 683 P.2d 1212, 1214 (Colo. App. 1984) (holding that the insurance company's

4

request for physical examination was reasonable and the party's refusal to comply with the condition precedent barred recovery under the policy); *see also Valentine v. James River Ins. Co.*, No. 20-CV-01638-CMA-SKC, 2022 WL 3593736, at *1 (D. Colo. Aug. 23, 2022) (finding that, inter alia, a failure to submit to an independent medical examination (IME) was a condition precedent to the insurer's obligation to pay benefits under the policy); *Harris v. Allstate Ins. Co.*, No. 09-CV-01953LTBMJW, 2010 WL 2543560, at *4 (D. Colo. June 22, 2010) (finding that the plaintiff's refusal to submit to an IME or provide signed medical authorizations failed to satisfy conditions precedent to coverage under the policy for UIM benefits).

The plain and unambiguous language of the policy required that Plaintiff submit medical authorization(s) to Defendant in order for it to fully investigate the claim before tendering UIM benefits. It is undisputed that Plaintiff never provided medical records authorization, gave Defendant a list of providers, or submitted any medical records or bills before filing this civil action on May 20, 2021. It is undisputed that Plaintiff's counsel never provided Defendant with a medical records authorization after filing this civil action. Indeed, Plaintiff's counsel only submitted a medical authorization request to Swedish Medical Center to disclose records and bills to Plaintiff's counsel on May 21, 2021. (ECF No. 45-14). It is undisputed that Plaintiff's counsel only provided Defendant with a medical bill for an emergency room visit in the amount of $333,322.32 on May 27, 2021. (ECF No. 45-11). Plaintiff's counsel specifically noted that they had "not yet received the medical records" despite having filed this civil action in Colorado state court. (*Id.*). Finally, it is undisputed that Defendant issued a check to Plaintiff's counsel for the total amount of UIM benefits under the policy, subject to a reservation of rights, on June 2, 2021.

Plaintiff argues that the contractual provisions are not a condition precedent and rather a promise to perform. "A contract term can be interpreted as either a condition precedent or a promise to perform depending on the parties' intent." *Main Elec., Ltd. v. Printz Servs. Corp.*, 980 P.2d 522, 526 (Colo. 1999). "If there is any doubt as to the parties' intention, a contract clause is to be interpreted as a promise rather than a condition, so as to avoid the harsh results of forfeiture against a party who has no control over the occurrence of the condition." *Dinnerware Plus Holdings, Inc. v. Silverthorne Factory Stores, LLC*, 128 P.3d 245, 247 (Colo. App. 2004). Plaintiff does not point to any language in the contract that is not clear and equivocal. The plain and unambiguous language of the policy required Plaintiff to submit a medical records authorization upon request. Defendant requested medical records authorization in April 2021. Here, it is undisputed that Plaintiff did not provide medical records authorization or any medical bills or records to Defendant before filing suit. This clause within the contract to provide medical authorization was a condition precedent to Plaintiff's recovery under the policy. *See Jensen*, 683 P.2d at 1214. No reasonable trier of fact could conclude that Plaintiff satisfied the condition precedent to coverage. Therefore, summary judgment in favor of Defendant is appropriate.

    2. *Plaintiff's Breach of Contract Claim*

Plaintiff alleges that Defendant has unreasonably delayed payment of UIM benefits because it has simply made "an offer of compromise" and that "the reservation of rights has rendered the benefits useless to Plaintiff." (ECF No. 48, p. 13). Plaintiff's claim for breach of contract fails because Defendant has already paid the full amount of the policy coverage for an uninsured motorist, thus there is no remaining claim for breach of contract. *See Stamey v. Nat'l Gen. Ins. Co.*, No. 15-CV-0560-WJM-MJW, 2016 WL 8540310, at *2 (D. Colo. Sept. 22, 2016).

The Tenth Circuit has held that an insurer may make a payment to the insured subject to a reservation of rights because a reservation of rights "preserves that to which the parties had originally agreed." *Cribari v. Allstate Fire & Cas. Ins. Co.*, 861 F. App'x 693, 701 (10th Cir. 2021) (citation omitted). Nor does the payment by the insurer to the insured constitute a confession of the plaintiff's breach of contract claim. *Id*. Accordingly, Plaintiff's motion for summary judgment on this claim is denied.

* * *

Because the Court finds that Defendant is entitled to summary judgment on its breach of contract counterclaim, Plaintiff is not entitled to summary judgment for her claim for unreasonable delay and bad faith and the Court does not need to reach the parties' remaining arguments. *See, e.g., Jensen*, 683 P.2d at 1214 (holding that failure to comply with the insurer's reasonable requests bars recovery under the policy).

## IV. CONCLUSION

Accordingly, Defendant's Rule 56 Motion for Summary Judgment is GRANTED. (ECF No. 45). Plaintiff's Motion for Summary Judgment is DENIED. (ECF No. 48). The Court directs that the Clerk of Court enter judgment in favor of Defendant Allstate Fire and Casualty Insurance Company against Plaintiff Milca Aponte, and to close this case.

DATED this 9th day of January 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge